# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**ERIC TROY POWELL**                                                                   **PETITIONER**

**V.**                                                **CIVIL ACTION NO.: 3:15CV73-MPM-DAS**

**SUPT. OF MSP ERNEST LEE**                                        **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Eric Troy Powell for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244, and Powell has responded. For the reasons set forth below, Respondent's motion will be granted.

### Facts and Procedural History

Eric Troy Powell was convicted of aggravated assault of a law enforcement officer in the Circuit Court of Marshall County, Mississippi, and by sentencing order filed August 22, 1996, he was ordered to serve a term of twenty years as an habitual offender pursuant to Miss. Code Ann. § 99-19-81 in the custody of the Mississippi Department of Corrections ("MDOC"). Mot. to Dismiss, Ex. B. Through counsel, Powell appealed the trial court's judgment, and on October 18, 2001, the judgment was affirmed by the Mississippi Supreme Court. *Id.*, Ex. C; *see also Powell v. State*, 806 So. 2d 1069 (Miss. 2001), *reh'g denied*, February 14, 2002 (Cause No. 97-KA-00793). Powell did not challenge the Mississippi Supreme Court's decision by filing a petition for writ of certiorari with the United States Supreme Court.

On February 27, 2014, Powell signed an application for leave to seek post-conviction relief, and the application was stamped "filed" in the Mississippi Supreme Court on March 4,

2014. Mot. to Dismiss, Ex. D. The court dismissed the application as procedurally barred under Miss. Code Ann. § 99-39-5(2) as untimely, and the court found that Powell failed to meet any exceptions to the statute to render his application properly before the court. *Id.*, Ex. E (Cause No. 2014-M-00282). Powell subsequently requested additional time to seek rehearing, and the motion was denied as futile in light of M.R.A.P. 27(h), as was his motion to reconsider the court's denial of an extension of time. *Id.*, Ex. F.

Thereafter, Powell signed the instant petition on May 7, 2015, and it was stamped as "filed" in this Court on May 11, 2015. Powell was subsequently discharged from MDOC custody on expiration of sentence on June 20, 2015. Mot. to Dismiss, Ex. A.

### Discussion

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondent's' motion should be granted turns on the statute's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

2

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

Powell claims that he is entitled to the "factual predicate" running date set forth in 28 U.S.C. § 2244(d)(1)(D), maintaining that he was unable to discover the basis of his claims until February 2014. However, in Ground Three, Powell claims he was denied the effective assistance of trial and appellate counsel, which should have been discovered prior to his judgment becoming final. Therefore, he is not entitled to the factual predicate exception based on the performance of counsel. In Grounds One and Two, he complains that his sentence has expired, and that he has been denied proper jail time credits. These claims should have been discoverable prior to February 2014, as Powell should have been aware of the credits to his sentence when he entered MDOC custody. The Court finds that the exception in § 2244(d)(1)(D) is inapplicable in this case.

Rather, the Court finds that § 2244(d)(1)(A) applies in this case, and the Court will therefore calculate the statute of limitations from the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). A state judgment generally becomes final "upon denial of certiorari

by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Because Powell did not file a petition for a writ of certiorari after the Mississippi Supreme Court affirmed his conviction and sentence on October 18, 2001, Powell's judgment became "final" for purposes of § 2244(d) on May 15, 2002, ninety days after the Mississippi Supreme Court denied his appeal (February 14, 2002 plus 90 days). *See, e.g.*, *Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 653-54 (2012) (holding that when a petitioner does not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'– when the time for pursuing direct review in this Court, or in state court, expires"). Therefore, Powell must have filed a "properly filed" application for post-conviction relief on or before May 15, 2003, to toll the limitations period, or his federal habeas petition would be filed too late. The earliest date this Court can consider Powell's post-conviction application "filed" is February 27, 2014, which is after the federal statute of limitations expired. Therefore, Powell is not entitled to statutory tolling for the pendency of his post-conviction proceedings.

Powell's federal habeas petition was "filed" sometime between the date it was signed on May 7, 2015, when it was stamped filed in this Court on May 11, 2015. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a *pro se* prisoner's petition filed on the date it is delivered to prison officials for mailing). Either date is more than a decade past the one-year statute of limitations imposed by the AEDPA. Therefore, federal habeas relief is available to Powell only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder*, 204 F.3d at 170-71. Equitable tolling is available "if the [petitioner was] actively misled

4

by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted).

Powell maintains that he is entitled to tolling of the limitations period, as his sentence is both illegal and expired, and he was unaware of the factual predicate of his claim until February 2014. He also maintains that MDOC's Inmate Legal Assistance Program ("ILAP") is the cause for his untimely filing. Pet. at 13.

The Court notes that Powell has since been released from custody on expiration of sentence, and thus, his claim that his sentence has expired is moot. To the extent that Powell's claim that his sentence is illegal is a claim of actual innocence, the Court notes that in *McQuiggins v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar. . . or, as in this case, expiration of the statute of limitations." *McQuiggins v. Perkins*, 133 S. Ct. 1928, 1928 (2013). Here, Powell is not claiming actual innocence of the crime of conviction, but rather, of his sentence as an habitual offender. He provides no evidence to support his claim that his habitual sentence was not proper, but rather, simply states that he was not provided a separate hearing regarding the determination that he was an habitual offender. Powell's state court record reflects that he was properly indicted and sentenced as an habitual offender. Mot. to Dismiss, Ex. G (indictment and transcript from sentencing hearing). Accordingly, his claim of "actual innocence" would not entitle him to equitable tolling of the limitations period.

Finally, Powell claims that he is entitled to tolling of the limitations period, as he hand delivered a post-conviction petition to Inmate Legal Assistance Program ("ILAP") staff on March

20, 2003, but that shortly thereafter, he was transferred to another state facility and most of his records were lost. Doc. # 16 at 3. The Mississippi Supreme Court's records as posted on the court's website do not reflect that Powell filed any pleadings in that court between his direct appeal and his 2014 post-conviction pleading. Even if the Court were to determine that Powell did attempt to submit a post-conviction pleading in state court in 2003, he waited until February 2014 —almost eleven years — to follow up his attempt with a post-conviction motion. Equitable tolling is appropriate only where the petitioner demonstrates a diligent pursuit of relief. *See, e.g., Melacon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Powell has produced no evidence that he proceeded with diligence in this case, and Powell's claim that ILAP contributed to his delay in filing is unsupported. Accordingly, equitable tolling is not warranted in this case, and the instant petition will be dismissed as untimely.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Powell must obtain a COA before appealing this Court's decision denying federal habeas relief, which he may do by making "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(1) and (2). Because Powell's petition for writ of habeas corpus is rejected on procedural grounds, Powell must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

## Conclusion

The Court **GRANTS** Respondent's "Motion to Dismiss Pursuant to § 2244(d)" [11][12] and **DISMISSES** with prejudice the petition filed in this cause. For the reasons set forth in this opinion and order, the Court further **ORDERS** that a certificate of appealability be **DENIED**, as Powell failed to show his petition timely and to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**SO ORDERED** this the 2nd day of October, 2015.

/s/ Michael P. Mills
**MICHAEL P. MILLS**
**U.S. DISTRICT JUDGE**